Writ denied. The showing made does not warrant the exercise of our original or *837 supervisory jurisdiction. The rationale of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) does not apply retroactively for this 1963 conviction.
BARHAM, J., is of the opinion the writ should be granted ordering an evidentiary hearing. See written reasons assigned.
BARHAM, Justice.
I am of the opinion this writ should be granted to the extent of ordering the trial court to hold an evidentiary hearing. First, but not determinative of my opinion, I question the right of our court to reject the allegations of an application for habeas corpus on the basis of the statements of the trial judge in his reasons for refusing to hold a hearing — statements which are of his recollections of events and conversations which are not a part of the minutes, the transcript, or any of the record. This is not to question the integrity of the judge but to afford applicant the constitutional guarantees of a right of confrontation of witnesses and a full adversary proceeding when his pleadings and attached documents require a hearing under Louisiana Code of Criminal Procedure Article 354.
' However, even if we accept and consider the judge’s reasons for refusal to hold an evidentiary hearing, they do not refute the allegations of the relator that he expressed a desire for an appeal and that he was denied a right to an appeal. Relator contends that court-appointed counsel refused to take an appeal or to give him the necessary information so that he could invoke appellate review. The trial judge states that court-appointed counsel in consultation with him said that an appeal was not warranted under the facts and the bills of exception reserved, and he admits no appeal was lodged.
I take point with the majority who refused this writ stating that it presents a question under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which they believed not to be retroactive. Anders is not controlling of the instant case or even analogous. Anders v. California, supra; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), are not determinative of this application for writs. In all of those cases the defendants were automatically given appeals by operation of state laws, but they were not represented by counsel on the appeals. In the instant case the relator has not had an appeal although he alleges he expressed a desire for an appeal. A defendant in an appealable case who timely expresses a desire for appeal has a constitutional right to the appeal. While representation by counsel on appeal is also now an essential constitutional right (Douglas v. California, supra), the ques *839 tión presented in this 'writ is far more basic in nature: Was relator entitled to an appeal? He has alleged that he asked his lawyers to lodge an appeal. The appeal was not lodged. An evidentiary hearing should be had to determine whether in fact •relator actively, continually expressed his desire for appellate review notwithstanding counsel’s advice and counsel refused to perfect the appeal, or whether relator did in fact acquiesce in his attorneys’ advice and thereby waive his right to appeal.