average and of limited education. No harm can be done the state to allow withdrawal of a possible unknowing without counsel plea. No ascertainment of facts to support plea were elicited from defendant.

257 So.2d 435

**STATE of Louisiana ex rel. Euince J. CREPPEL, et al.,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 52165.

Feb. 21, 1972.

In re: Euince J. Creppel, Huey L. Creppel, Ernest J. Creppel applying for writs of habeas corpus.

Writ refused. The showing made is insufficent to warrant the exercise of our original or supervisory jurisdiction.

BARHAM, J., does not concur. We have no record for review. The minutes are not before us—there has been no evidentiary hearing. Relator complains of incompetent counsel and involuntary plea

of guilty. Although this is pre-Boykin—knowingly—voluntary plea was the essential. Judges ex parte recall—without hearing and confrontation—of plea will not suffice. See State ex rel. Brownfield v. Henderson, 260 La. 445, 256 So.2d 437. See also State ex rel. Burks v. Henderson, 256 La. 836, 239 So.2d 351.