178 So.2d 261

**STATE of Louisiana**

**v.**

**Jameel RASHEED and Percy Thomas.**

No. 47687.

July 2, 1965.

Rehearing Denied Sept. 30, 1965.

Robert F. Collins, Nils R. Douglas, Lolis E. Elie, Harris David, New Orleans, for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

The accused, Jameel Rasheed and Percy Thomas, having been charged by information with the possession and control of a narcotic drug, to-wit, marijuana, in violation of R.S. 40:962,[1] appeal from their conviction and sentence thereunder to serve 15 years at hard labor, relying for the reversal thereof upon a number of errors allegedly committed during the course of their trial.

While 23 Bills of Exceptions were originally reserved, 10 of these have been abandoned.[2] The remaining 13 are not treated separately, but, instead, as forming the basis of what are termed 8 "Specification of Errors," although, fundamentally, they present only 2 issues of law for our determination, i. e., (1) whether the Motion to Suppress certain evidence was filed too late since it was not filed prior to trial; and (2) whether certain oral statements and admissions by defendants to police officers after their arrest (concededly free and voluntary) were admissible.

The argument under the Motion to Suppress reflects it is based on the contention the evidence forming the basis thereof was seized (1) under an invalid warrant, and/or (2) pursuant to an illegal arrest.

It is true, as pointed out by defense counsel, that there is no specific provision in our criminal procedural law governing such motions, and, despite their contention to the contrary in reliance on the decision in State v. Rowan, 246 La. 38, 163 So.2d 87, no jurisprudence on this point.[3] This is due to the fact that the law and jurisprudence of this state—upheld by the United States Supreme Court—was that evidence,

---

1. The pertinent portion of R.S. 40:962 provides that "It is unlawful for any person to manufacture, *possess, have under his control,* sell, give, deliver, transport, prescribe, administer, dispense, or compound any narcotic drug, except as provided in this Sub-part * * *." (The emphasis has been supplied to pinpoint the exact charge in the instant case.)

2. Bills Nos. 1, 2, 3, 4, 8, 9, 12, 20, and 21 were not presented in this court in either oral or written argument.

3. The Rowan case is not authority for the practice of entertaining such motions during the trial, as the motion there was filed prior to trial but deferred by the judge for consideration, and taken up by him after the jury had been selected and impaneled. Counsel there contended reversible error was committed because the judge did not consider this motion when submitted, i. e., prior to the selection of the jury. In this case, decided just last year, the court pointed out that "we have

though secured in an illegal manner, was, nevertheless, admissible against an accused in trials in this state. See, State v. Calascione, 243 La. 993, 149 So.2d 417, and the authorities therein cited, particularly that of the United States Supreme Court in Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782.

■ However, the trial judge in denying the Motion to Suppress did not, as contended by defense counsel, "enact" ex post facto judicial legislation in violation of Section 9 of Article I of the federal constitution, for this state's previous law and jurisprudence was nullified by the United States Supreme Court in June of 1961— more than a year prior to the commission of the crime forming the basis of the charge against defendants—when it held, in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, that the guarantees of the Fourteenth Amendment to the federal constitution against unreasonable searches and seizures are applicable to trials in state as well as federal courts, and more specifically clarified this in Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726, by holding that although the states may adopt workable rules governing arrests, searches, and seizures, they may not derogate from the federal constitutional standards as applied by the federal courts.

These decisions are binding on the courts of this state, and, as aptly observed in State v. Davidson, 248 La. 161, 177 So.2d 273, this day being handed down, "since the exclusionary rule must be applied in all state criminal cases in accordance with the edict in Mapp v. Ohio, the procedural rights of the accused should also conform with the standard provided by the Federal Courts and that he (the accused) should not be accorded by the trial courts of this State any less onerous procedure than he would have if he had been tried before a Federal Court. * * * In other words, coexistent with the implementation of the exclusionary rule, it is our policy to adopt and enforce the procedural rule of the court from which the exclusionary rule has emanated." (The information within brackets has been supplied.)

However, even prior to these decisions, Article 0.2 of our Code of Criminal Procedure provided that "In matters of criminal procedure where there is no express law the common law rules of procedure shall prevail," and not only the statutes of

not yet been called upon to determine whether such a motion is cognizable under our procedural laws."

In State v. Calascione, 243 La. 993, 149 So.2d 417, a Motion to Suppress was filed to prevent the introduction of evidence prior to trial, and levelled at the failure of the police to obtain a warrant to search the home of accused. However, we were not there called upon to pass on the timely filing and effect of such a motion. As noted, it was timely filed.

the states following the common law, but their decisions and those of the federal courts, are replete with provisions and jurisprudence governing the use of such motions for our guidance. Although there may be divergence in the holdings on this subject in the various state and federal courts, the sum and substance of the decisions of the United States Supreme Court is admittedly as codified in 18 U.S.C.A. Rule 41(e),[4] which is to the effect that evidence secured as the result of an unlawful search and seizure may be suppressed and thus made unavailable against an accused provided the motion is made prior to trial and hearing "unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." See, also, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, to the effect that Rule 41(e) "is a crystallization of decisions of this Court requiring that procedure."

The reasons underlying this rule have been stated to be: (1) To prevent the interruption of the trial to explore collateral matter unrelated to the guilt or innocence of the accused, particularly since such interruption causes unwarranted delay and serves to confuse the jury, (2) to spare the state and accused the expense of a useless trial, and, it might be added, to also spare the accused the humiliation, stress, and strain of such a trial, and (3) failure of defense counsel to timely object lends the impression they have no objection to the use of such illegally acquired evidence. See, 2 Varon, Searches, Seizures and Immunities 661–672; the annotation at 50 A.L.R.2d 531; 84 A.L.R.2d 933; the note to Rule 41(e) in 18 U.S.C.A. p. 213; Rossini v. United States, 8 Cir., 6 F.2d 350; and State v. Haynes, 233 Or. 292, 377 P.2d 166.

There is still another reason that is possibly even more important to the cause of the accused, and that is to prevent any testimony or identification with respect to such evidence—clearly prejudicial to him—to be given in the presence of the jury prior to the filing of such a motion. The instant case furnishes its own best example of

4. The pertinent portion of this federal rule is as follows: "A person aggrieved by an unlawful search and seizure may move the district court * * * to suppress for the use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. * * * *The motion shall be made before trial or hearing* unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, *but the court in its discretion may entertain the motion at the trial or hearing."* (The emphasis has been supplied.)

this, for we find from the record that prior to the time the Motion to Suppress was filed toward the end of the first day of the trial (1) the state, in opening argument, described the evidence sought to be suppressed under the motion and stated where it had been found; (2) the state chemist testified with respect to the contents of the envelopes containing this evidence and explained at length the tests run by him in determining these exhibits contained marijuana; and (3) three officers all testified in detail about these objects and where they had been found. All of this was in the presence of the jury and without objection from defense counsel. It was only when, near the end of the first day of the trial, the state offered the objects themselves in evidence that counsel objected and submitted the Motion to Suppress in writing, together with a memorandum of authorities. By that time the damage to the cause of the accused had been done, and the introduction of the physical objects—freely exhibited and discussed in the presence of the jury theretofore—was an anticlimax.

■ While it is true that such a motion may be filed at the trial or hearing under Rule 41(e) "if opportunity therefor did not exist or the defendant was not aware of the grounds for the motion," under the facts and circumstances of this case the denial of the motion on this ground was not an abuse of the discretion vested in the trial judge. There can be no question that an opportunity for the filing of the motion prior to trial existed and that defendants were well aware of the grounds for the motion, as was their counsel, for as early as January 2, 1963, only some 2 weeks after the commission of the crime with which they are charged, defense counsel moved for a speedy trial in their behalf, and both they and their counsel thus had knowledge of the facts surrounding the manner in which this evidence was secured from at least that time until March 19, 1963—more than 3 months—when the trial actually began. See, United States v. Romero, 2 Cir., 249 F.2d 371; United States v. Sheba Bracelets, Inc., 2 Cir., 248 F.2d 134; and United States v. Di Donato, 2 Cir., 301 F.2d 383.

Counsel also apparently contend that irrespective of such knowledge the judge, under the provisions of Rule 41(e) still possessed the discretion necessary to entertain such a motion at the trial or hearing, particularly since the United States Supreme Court in Jones v. United States, supra, pointing to the portion of the rule providing "but the court in its discretion may entertain the motion at the trial or hearing" stated this "proves that we are dealing with carrying out an important social policy and not a narrow, finicky procedural requirement." However, even this contention can avail defendants nothing. The record reveals the trial judge did, in

fact, entertain the motion when it was filed, although not introduced until the trial was about half over, stating that inasmuch as it was near the close of the day he would take the motion and attached memorandum of authorities with him and study it together with his independent research before making his ruling. The next morning he promptly overruled the motion, not only because the statutory provisions and jurisprudence were contrary to counsel's contention, but because he unquestionably felt,[5] as pointed out above, that having permitted the testimony and identification of these objects to go unchallenged, the suppression of the physical exhibits themselves at that time could lend the cause of defendants little comfort.

Having concluded the trial judge correctly denied the Motion to Suppress, it becomes unnecessary to determine whether the warrant under which this evidence was seized was valid and the arrest illegal. However, we find no merit to either of these contentions.

■ The record discloses the evidence sought to be suppressed—"2 Marijuana 'butts' and an undisclosed quantity of loose Marijuana designated as 'gleanings'"—was not secured under the search warrant issued in this case. The warrant was issued for the express purpose of per-

mitting the police officers to search Cabin #2 at the Webber Tourist Court, 9300 Chef Menteur Highway in New Orleans, and to seize any marijuana discovered therein. However, a careful search of this cabin by the officers failed to disclose any evidence whatsoever of marijuana, and the evidence sought to be suppressed was not found in this cabin.

■ The argument of defendants' attorneys that the arrests were illegal is, in written brief, predicated upon the contention the officers could only make a lawful arrest for "probable cause," the standard therefor being, in the absence of a valid search warrant, higher than the standard required for the issuance of a valid search warrant, and the trial judge employed a standard lower than that required by the decisions of the United States Supreme Court under the Fourth and Fourteenth Amendments, reliance being placed in particular on the holdings of the United States Supreme Court in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, and United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.

Neither case sustains this contention. The Ventresca case, decided just this past March, did not involve an arrest without a warrant. Instead, the court was there called upon to determine whether the mag-

---

5. Unfortunately, we do not have the benefit of a per curiam to this or any of the other bills reserved during the trial since, before they were drawn and submitted to the trial judge for action, he passed away.

istrate issuing a search warrant had *probable cause* to do so under Rule 41(e). In the Johnson case the court held an officer may effect a lawful arrest without a warrant where he has *reasonable cause* to believe the one arrested guilty of committing a felony, applying the law of the State of Washington, where the crime was committed, in the absence of applicable federal statute, even though the crime was a federal one. Louisiana law is similar in that it permits an officer to effect a lawful arrest (1) when a felony has, in fact, been committed where he has *reasonable cause* to believe the one arrested committed it, or (2) when he has *reasonable cause* to believe a felony has been committed and *reasonable cause* to believe the one arrested committed it. R.S. 15:60. See, State v. Calascione, supra.

Furthermore, the record discloses the trial judge, in his instructions to the jury, explained what constituted both reasonable and probable cause, and defense counsel raised no objection. In fact, although granted permission to file special charges, he did not submit one touching on this point although he did submit 6 special charges.

This brings up for our consideration the contention of defense counsel that the guaranty of the Sixth Amendment to the federal constitution against self-incrimination was violated by the admission in evidence of testimony of police officers with respect to certain oral admissions and/or statements made by the accused. At the time this testimony was being elicited from the officers during the trial, defense counsel objected on the ground defendants had not first been advised of their right to counsel and to remain silent, although he conceded these statements had been freely and voluntarily made.

■ The provisions and guarantees of the Sixth Amendment have no application when it is conceded statements and/or admissions, whether oral or in writing, are freely and voluntarily made. In any event, the evidence shows defendants were advised of their right to counsel and to remain silent.

For the reasons assigned, the convictions and sentences are affirmed.