177 So.2d 273

**STATE of Louisiana**

v.

**Homer Lee DAVIDSON.**

No. 47736.

July 2, 1965.

Roy F. Cook, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Thomas P. McGee, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was charged, tried and convicted of the crime of simple burglary of a gasoline filling station and sentenced to serve nine years at hard labor in the State Penitentiary. He has appealed, relying for a reversal of his conviction on two bills of exceptions, both of which relate to the action of the trial judge in denying appellant's oral motion to suppress certain evidence, pertaining to the commission of the crime with which he was charged (and also another burglary), which was found in appellant's automobile after a search thereof by police officers.

The record reveals the following facts: A bill of information was filed against appellant on November 25, 1964. He was arraigned on December 10, 1964 and pleaded not guilty. On the same day the court appointed counsel to represent him and counsel requested and was granted a 15-day delay in which to file other pleadings. The

trial was thereafter fixed for and held on February 2, 1965. No special pleadings were filed prior to the commencement of the trial. After the testimony of one witness had been taken, the State marked for identification certain incriminating articles which had been found by police officers after the search of appellant's automobile. At the time these articles were marked for identification, defense counsel orally moved to suppress their introduction in evidence but the court ruled that the motion was premature until such time as the State sought to offer the articles in evidence. Thereafter, the State placed certain witnesses on the stand who were shown the items (consisting of checks and other articles which had been taken from the gasoline service station) and these witnesses identified the items as those found during a search of appellant's automobile but, through inadvertence on the part of the State, the objects were not offered in evidence. Later, when an officer of the Police Department of New Orleans was giving testimony regarding appellant's arrest, defense counsel reiterated his verbal motion to suppress. At that time the court denied the motion on the ground that it came too late, the judge holding that appellant's failure to file a formal motion to suppress in advance of trial constituted a waiver of his right to question the legality of the search and seizure and to assert that it was in violation of his constitutional rights.

Counsel for appellant contends that the judge was in error in ruling the motion to suppress untimely forasmuch as, under Louisiana practice, unlike that in the Federal Courts and the courts of many other states, no provision is made for a motion to suppress and that the only requisite is a timely objection to the unlawful evidence during the trial when it, or the fruits of it, are sought to be used against the accused. To support his position, counsel relies heavily on our decision in State v. Rowan, 246 La. 38, 163 So.2d 87 (1964).

In the Rowan case, it was pointed out that in recent years some of our judges have entertained and ruled on motions to suppress evidence filed in advance of trial, defense counsel having borrowed the procedure from the practice in the Federal courts as our statutory law makes no provision for such a motion. However, said the Court, " * * * we have not yet been called upon to determine whether such a motion is cognizable under our procedural laws" since the State has not objected to this type of procedure.

In this case, the question is squarely presented as the judge has found that the filing of a motion to suppress must be made in advance of trial, when, as here, the accused has not been taken by surprise and that his failure to file such motion operates as a waiver of his right to later object to the admission of such evidence on the ground that his constitutional rights have

been violated by an unlawful search and seizure. In concluding thus, the judge relied in the main on the established procedure of the Federal courts in these cases, which has been followed by a majority of those State courts having heretofore adopted the exclusionary rule respecting evidence seized in violation of the defendant's constitutional rights.

Prior to the decision in Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, 84 A.L.R.2d 933, conflicting rules prevailed in various jurisdictions as to whether the admissibility of evidence in a criminal case was affected by the fact that such evidence was obtained by means of an illegal search and seizure. In a majority of the State courts, and in accordance with the common law rule, the view prevailed. that, in the absence of a statute abrogating or modifying the rule, evidence in a criminal case was not rendered inadmissible against the accused by reason of the fact that it was obtained by means of an unlawful. search and seizure.

This was the rule in Louisiana. State v. Creel, 152 La. 888, 94 So. 433 (1922); State v. Eddins, 161 La. 240, 108 So. 468 (1926); State v. Robinson, 221 La. 19, 58 So.2d 408 (1952) and State v. Mastricovo, 221 La. 312, 59 So.2d 403 (1952). Since an objection to evidence on the ground that property had been unlawfully seized was unavailing under our jurisprudence, no provision was made in our Code of Criminal Procedure in 1928 for the necessity of a motion to suppress evidence or to quash a search warrant in cases involving alleged illegality as a result of an unreasonable search and seizure.

However, the ruling in Mapp v. Ohio,. supra, that the rights secured by the Fourth Amendment to the Federal Constitution are enforceable against the states through the due process clause of the Fourteenth Amendment, has constrained the State courts to exclude evidence in criminal cases which has been obtained by an unlawful search and seizure and, therefore, the question remains as to the procedural vehicle to be employed by the accused in assailing the legality of the seizure in a State like this where there is no statute or prior jurisprudence defining the proper method by which the issue is to be presented. In many instances, as pointed out by this Court in State v. Rowan, defense counsel have followed the procedure set forth in Federal Court Rule 41(e) (see 18 U.S.C.A. Federal Rules of Criminal Procedure, Rule 41(e)) which declares, among other things, that a person aggrieved by any unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress its use in evidence provided " *    * the motion shall be made before the trial or hearing unless the opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court

in its discretion may entertain the motion at the trial or hearing."

In Jones v. United States (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the Supreme Court recognized that the provision above quoted of Rule 41(e) " * * * is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt. * * *" (Citations omitted).

An examination of the authorities on the question of the necessity of a pre-trial motion to suppress evidence (see Annotation "Evidence—Unlawful Search and Seizure" 50 A.L.R.2d 531–592 at pages 583, et seq., in which the pronouncements of other states are cited and discussed), shows that in a majority of state jurisdictions, in which the exclusionary rule obtained prior to Mapp v. Ohio, it was necessary for the accused to file a pre-trial motion to suppress the evidence or for a return of the property seized.[1] The basis for the rulings in these states (Florida, Idaho, Illinois, Indiana, Michigan, Missouri, Montana, Oregon, Rhode Island, South Dakota, Washington and Wisconsin) is that the trial court should not be required to stop during the course of a criminal proceeding to determine a collateral issue as to the illegality of the means by which the prosecution obtained its evidence.

This reasoning appears to be well founded and, in addition, it occurs to us that Federal Rule 41(e) avoids the useless expenditure of public funds in conducting a trial in those cases where the prosecution wholly depends for conviction upon evidence ultimately held to have been illegally secured.

In any event, we believe that, since the exclusionary rule must be applied in all state criminal cases in accordance with the edict in Mapp v. Ohio, the procedural rights of the accused should also conform with the standard provided by the Federal Courts and that he should not be accorded by the trial courts of this State any less onerous procedure than he would have had if he had been tried before a Federal Court. See State v. Rasheed and Thomas, 248 La. 309, 178 So.2d 261, this day handed down. In other words, coexistent with the implementation of the exclusionary rule, it is our policy to adopt and enforce the procedural rule of the court from which the exclusionary rule has emanated.

Hence, we hold that, in order for an accused to invoke the exclusionary rule in this State, it is necessary for him to file a pre-trial motion either to quash a search warrant or to suppress evidence obtained

---

1. In a few states, California, Kentucky, Maryland, Oklahoma, Texas and West Virginia, it sufficed for the accused to object to the evidence at the time of its tender at the trial.

by the prosecution and that failure to do so, in the absence of a showing of surprise or lack of opportunity to file such a motion, operates as a waiver of any claimed violation of his constitutional rights against illegal search and seizure.

Bill of Exceptions No. 2 was taken to the overruling of appellant's motion for a new trial and presents nothing for further discussion as it relates solely to the motion to suppress evidence which has already been considered.

The conviction and sentence are affirmed.

177 So.2d 276