224 So.2d 461

**STATE of Louisiana**

v.

**Herman WALLACE et al.**

No. 49574.

June 9, 1969.

Alvin B. Jones, New Orleans, for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The State charged Herman Wallace, Árthur Holland, and John Thompson with four counts of armed robbery. After conviction, the trial judge sentenced them to a term of 50 years in the Louisiana State Penitentiary. They have appealed, relying

upon Bill of Exceptions No. 2 for a reversal.

The defendants allege the trial court committed prejudicial error by admitting in evidence pistols taken from them at the time of their arrest.

At the trial Sergeant Frederick Williams of the New Orleans Police Department testified he arrested Holland and Thompson on January 15, 1967. He searched Holland for weapons and found a revolver. At this point, defense counsel intervened and sought to produce evidence that the arrest and search were illegal, for the purpose of excluding this pistol from evidence under the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933. Relying upon Article 703 of the Louisiana Code of Criminal Procedure, the trial judge refused to entertain a motion to suppress the pistol

Article 703, C.Cr.P., provides:

"A. A defendant aggrieved by an unconstitutional search or seizure may move to suppress for use as evidence at the trial on the merits, any tangible objects * * * on the ground that they were so obtained. A motion filed under the provisions of this paragraph must be filed no later than three judicial days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial. * * * "

The general rule requires a defendant aggrieved by an unconstitutional search or seizure to file a motion to suppress at least three judicial days before trial. The salutary purpose of this requirement is to prevent interruption of trials, avoid the effort and expense of useless trials, and protect juries from exposure to inadmissible evidence. See State v. Rasheed, 248 La. 309, 178 So.2d 261 (1965), cert. denied, Rasheed v. Louisiana, 384 U.S. 1012, 86 S.Ct. 1962, 16 L.Ed.2d 1031; State v. Davidson, 248 La. 161, 177 So.2d 273 (1965).

In the present case, the sequence of events demonstrates the defendants were aware of the circumstances surrounding the seizure of the pistol and had ample opportunity to file a motion to suppress it before trial. The seizure of the pistol took place on January 15, 1967. The following day defendants retained an attorney. A month later, the State filed a Bill of Information, charging the defendants committed the robbery while armed with two pistols. The case came to trial on April 5, 1967.

It is true the trial judge has the discretion under the codal article to permit the filing of a motion to suppress during trial. Under the circumstances of this

case, however, he did not abuse that discretion in denying the motion. In the State's opening statement, the District Attorney stated that all three defendants were armed with revolvers, which he would introduce in evidence. When he concluded the opening statement, he amended the Bill of Information to show that all defendants were armed with pistols.

As the trial advanced, the four robbery victims testified concerning the circumstances of the crimes. They testified guns were used in the robbery. In the presence of the jury, they identified the pistols held by the police as similar to those used. The State called Sergeant Williams the arresting officer, as its final witness. Then, for the first time, the defendants sought to produce evidence to suppress the pistol seized from defendant Holland. We conclude the trial judge committed no error in declining to receive the evidence.

When a motion to suppress is untimely, objection to the admissibility of tangible evidence based on an infirmity in a search or seizure is waived. Art. 703, C.Cr.P., Comment (d); State v. Rasheed, supra; State v. Davidson, supra.

For the reasons assigned, the convictions and sentences are affirmed.

FOURNET, J., absent.