256 So.2d 437

### STATE of Louisiana ex rel. Dallas BROWNFIELD

v.

### C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.

#### No. 51870.

Nov. 18, 1971.

In re: Dallas Brownfield applying for writs of certiorari, prohibition, mandamus and habeas corpus.

Writs denied. Considering the petition of the applicant, as well as the affidavit of the defense attorney (under our supervisory authority, cf., State v. Davidson, 248 La. 161, 177 So.2d 273) the applicant states no ground for relief.

BARHAM, J., dissents and assigns written reasons.

DIXON, J., dissents from refusal. Our habeas corpus statute clearly requires an evidentiary hearing.

BARHAM, Justice (dissenting from refusal to grant writ)

It does not appear "by the petition itself or by the documents annexed to it" that the relator is *not* entitled to be set at liberty, and the writ of habeas corpus must be granted fixing a hearing on the application. C.Cr.P. Art. 354.

The majority has accepted as a basis for denying relator a hearing on his application an ex parte motion of the present district attorney, who was counsel for relator-defendant at the pleas of guilty and the imposition of sentences of which the relator complains. The right to a hearing under this relator's application is dictated by the provisions of the Louisiana Code of Criminal Procedure. An ex parte statement cannot thwart the relator's right to that hearing.

The majority seems to rationalize that since 28 U.S.C. § 2246 provides that affidavits may be used in federal habeas corpus proceedings, we should append this provision to our state legislative provisions for habeas corpus proceedings. The federal provision, 28 U.S.C. § 2246, reads:

"On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the

judge, by affidavit. If affidavits are admitted *any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits.*" (Emphasis supplied.)

The majority has now attempted to engraft part of that provision (omitting the portion which gives the right to confrontation) onto our clear law under its reasoning for denial of this writ. The majority had no right, no authority, no power, to reach out into another jurisdiction's law to violate our statutory law. That our state has seen fit to handle the matter differently from the federal government is of no concern to us, unless our provisions are unconstitutional.

The redactors of our Code and our legislators were fully informed of the federal provision, which was adopted in 1948 as an Act of Congress. Moreover, our Legislature could have complied with the federal standards for post-conviction relief with far less procedural protection than is set forth in our Code.

The majority can take little succor from its reference to the decisions in State v. Davidson, 248 La. 161, 177 So.2d 273, and State v. Rasheed, 248 La. 309, 178 So.2d 261. Those decisions were devised to meet a problem created by United States Supreme Court pronouncements changing the state's constitutional responsibility in criminal prosecutions. A federal rule was adopted to meet the federally created problem when our state law provided no solution. Here, however, there has been no federal intervention, no federal court pronouncement, which requires any change in our law. The only requirement with which we must comply is the application of our Code of Criminal Procedure, particularly Article 354. Our law is defined as an "expression of legislative will". When that expression is constitutional, when it is clear and unambiguous, this court has no alternative but to follow it.

Under these circumstances and the reasoning of the majority, I must vigorously dissent from the denial of this writ.