283 So.2d 708 (1973)
STATE of Louisiana
v.
Thomas M. WOMACK.
No. 53510.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
*709 W. Jackson Emmons, Emmons & Henry, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Thomas M. Womack, was tried under a Bill of Information charging him with the theft of a 1965 Chrysler automobile. The jury found him guilty, and the trial judge sentenced him to serve nine years in the Louisiana State Penitentiary. Defendant appeals, relying upon several bills of exceptions to obtain a reversal of his conviction.
The background facts are as follows:
On the evening of April 27, 1970, R. J. Cobb parked his 1965 Chrysler automobile in front of his residence in Jonesboro, Jackson Parish, Louisiana. On the following morning, April 28, 1970, Mr. Cobb was found dead in his residence. His automobile was missing.
Thereafter, charges for gasoline and services were made on an oil company credit card belonging to Richard J. Cobb in Houston and Galveston, Texas. All of the credit card receipts, except one, were signed "R. J. Cobb, Jr." The credit card receipt dated May 10, 1970 was signed with the name of Thomas Womack. On June 10, 1970, the Cobb automobile was involved in an accident in Galveston, Texas. The tow truck operator who removed the vehicle from the scene identified Thomas Womack as the operator of the vehicle. Later, credit card receipts bearing the signature, "R. J. Cobb, Jr.," were received from Laguna Beach, Florida. Charles B. Lahan, the operator of the service station in which the credit card charges were made, identified Thomas Womack as the person signing the name of R. J. Cobb, Jr.
On June 19, 1970, Thomas M. Womack was arrested on a beach near Panama City, Florida. The Cobb automobile was found nearby. Both the defendant and the automobile were returned to Jonesboro, Louisiana. At the time he was taken into custody, *710 Mr. Womack had the keys to the automobile in his pocket. The arresting officers took possession of the keys.

BILL OF EXCEPTIONS NO. 1
This bill was reserved when the trial judge excluded from the petit jury venire a prospective juror of the female sex who informed the court that she had not filed the declaration for jury service required by Article 402 of the Louisiana Code of Criminal Procedure. That article provides:
"A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service."
The same provision is embodied in Article 7, Section 41 of the Louisiana Constitution, as part of the organic law of this state.
Defendant asserts, however, that the exemption violates the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.
In Hoyt v. Florida, 368 U.S. 57, 82 S. Ct. 159, 7 L.Ed.2d 118 (1961), the United States Supreme Court rejected an identical contention in upholding the constitutionality of a Florida statute similar to the Louisiana provision under attack here. Following Hoyt v. Florida, supra, we maintained the constitutionality of the exemption in numerous decisions. See, e. g., State v. Enloe, La., 276 So.2d 283 (1973); State v. Curry, 262 La. 280, 263 So.2d 36 (1972); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert., den., 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970); State v. Alexander, 255 La. 941, 233 So.2d 891 (1970), reversed on other grounds, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536; State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), death sentence vacated on other grounds, 408 U.S. 939, 92 S. Ct. 2871, 33 L.Ed.2d 760; State v. Millsap, 258 La. 883, 248 So.2d 324 (1971); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971), cert. den., 405 U.S. 1074, 92 S.Ct. 1502, 31 L.Ed.2d 807.
We note the recent decision of the United States District Court for the Eastern District of Louisiana in Healy et al. v. Edwards et al., 363 F.Supp. 1110 (1973), holding the Louisiana provision for women's exemption from jury service unconstitutional. Decisions of the lower federal courts, of course, are not binding upon state courts. Under our dual system of courts, the United States Supreme Court is the arbiter of federal constitutional questions. Hence, we will continue to follow its last authoritative expression in Hoyt v. Florida, supra, until that Court has again spoken on the subject.
We conclude that Bill of Exceptions No. 1 is without merit.

BILLS OF EXCEPTIONS NOS. 2, 3, 4 and 10
All of these bills relate to the validity of the statutory presumption stated in LSA-R.S. 15:432 which provides in part:
"... that the person in the unexplained possession of property recently stolen is the thief ..."
Defendant contends that this presumption is unconstitutional as violative of due process of law and that it has a "chilling effect" upon his exercise of his Fifth Amendment privilege not to take the stand to testify. We considered and rejected a similar constitutional challenge to this statute in our recent decision in the case of State v. McQueen, La., 278 So.2d 114 (1973). In that case we reviewed exhaustively both the state and federal jurisprudence on the subject and concluded that the statute in question did not violate the due process clause of the 14th Amendment.
*711 Defendant relies heavily on the contention that the statutory presumption violates his privilege against self-incrimination. Defendant contends that when the defendant is in "unexplained possession of recently stolen goods," the statute forces the defendant to take the stand to rebut the presumption. If, as in the case at bar, the defendant chooses not to take the stand, the trial court's charge to the jury covering the statutory presumption in effect constitutes a prohibited comment on his failure to testify.
The United States Supreme Court rejected similar arguments in the cases of United States v. Gainey, 380 U.S. 63, 85 S. Ct. 754, 13 L.Ed.2d 658 (1965) and Yee Hem v. United States, 268 U.S. 178, 45 S. Ct. 470, 69 L.Ed. 904 (1925).
In Yee Hem the Court held:
"Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. See Dunlop v. United States, 165 U.S. 486, 502, 503, 17 S.Ct. 375, 41 L.Ed. 799; Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090. In the Wilson Case the accused, charged with murder, was found, soon after the homicide, in possession of property that had belonged to the dead man. This court upheld a charge of the trial court to the effect that such possession required the accused to account for it, to show that as far as he was concerned the possession was innocent and honest, and that if not so accounted for it became `the foundation for a presumption of guilt against the defendant.'
The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article prima facie evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a prima facie case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as is this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution." 45 S.Ct. at 472.
These bills have no merit.

BILLS OF EXCEPTIONS NOS. 5, 6, and 7
Defendant reserved these bills of exceptions after the trial judge admitted into evidence over his objection the keys to the Cobb automobile, taken from the defendant at the time of his arrest. Defendant's theory is that his arrest was unlawful and, therefore, the seizure of the keys incident to that arrest was unconstitutional.
We find it unnecessary to examine the legality of the arrest. When a tangible object is sought to be excluded from evidence because of an unconstitutional search and seizure, the defendant must timely file a motion to suppress the evidence. *712 Otherwise, he is deemed to have waived objection to its admission based on an infirmity in the search or seizure. LSA-C.Cr.P. Art. 703; State v. Cryer, 262 La. 575, 263 So.2d 895 (1972); State v. Royal, 255 La. 617, 232 So.2d 292 (1970); State v. Wallace, 254 La. 477, 224 So.2d 461 (1969).
Since no pre-trial motion to suppress was filed in the present case, the objection based on the alleged unlawful seizure of the keys was waived.
These bills lack merit.

BILLS OF EXCEPTIONS NOS. 8, 9 and 11
Bills of Exceptions 8, 9, and 11 are related. At the close of the State's case, defense counsel moved to "quash the entire proceedings" on the ground that there was no evidence that the defendant was in Jackson Parish at the time of the theft. To the overruling of this motion, defendant reserved Bill of Exceptions No. 8. Defense counsel then moved to quash the entire proceedings on the ground that there was no evidence to show a theft of an automobile. To the overruling of this motion, defendant reserved Bill of Exceptions No. 9. After the verdict, defense counsel filed a motion in arrest of judgment, complaining among other things that there was no evidence that the theft occurred in Jackson Parish. Hence, the court was "without jurisdiction."
Assuming, without deciding, that at least one of the motions properly raised the contention that there was no evidence of venue, we find the contention to be without merit.
A son-in-law of the deceased testified that the deceased parked his car in front of his home at Jonesboro, on the night of his death, and that the car was missing the next morning. (Tr.234) The record also contains ample evidence from which the jury could infer that a theft occurred.
The commission of the crime and venue are factual determinations to be made by the jury. This Court reviews only questions of law on appeal and does not weigh the sufficiency of the evidence. LSA-C.Cr.P. Art. 611; State v. Peternostro, 225 La. 369, 73 So.2d 177 (1954); State v. Richard, 245 La. 465, 158 So.2d 828 (1963).
These bills of exceptions are without merit.

BILLS OF EXCEPTIONS NOS. 13 and 14
Bills of Exceptions Nos. 13 and 14 were reserved when the district attorney declined to answer all questions posed in defendant's motion for a bill of particulars and the trial judge overruled a motion to quash the information based on this ground.[1]
The purpose of a bill of particulars is to inform the defendant more specifically *713 of the nature of the accusation against him. LSA-C.Cr.P. Art. 484; State v. Simpson, 216 La. 212, 43 So.2d 585 (1949) cert. den. 339 U.S. 929, 70 S.Ct. 625, 94 L.Ed. 1350; 12 La.L.Rev. 457. In the bill of particulars, however, the defendant is not entitled to the details of the evidence with which the State expects to prove its case. State v. Barksdale, 247 La. 198, 170 So.2d 374 (1964) cert. den. 382 U.S. 921, 86 S.Ct. 297, 15 L.Ed.2d 236; State v. Scott, 237 La. 71, 110 So.2d 530 (1959) cert. den. 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75; State v. Michel, 225 La. 1040, 74 So.2d 207 (1954), 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83, reh. den. 350 U.S. 955, 76 S.Ct. 340, 100 L.Ed. 831 (1956).
The scope of the bill of particulars rests within the sound discretion of the trial judge. His ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion and prejudice to the defendant. State v. Barksdale, supra; State v. Bailey, 261 La. 831, 261 So.2d 583 (1972); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970).
In answer to the motion for a bill of particulars in the present case, the district attorney informed the defendant that he had no confessions or inculpatory statements of the defendant and furnished to the defendant a copy of the arrest warrant. The following information was set forth in the warrant: the crime, i. e., theft; description of the automobile stolen; value of the automobile; name of the owner; date of the theft; and that it occurred in Jackson Parish.
The defendant argues, however, that all information requested in the motion should have been furnished.
An examination of the unanswered questions indicates that they would require a pretrial disclosure of the State's evidence. In our opinion, the defendant had adequate information as to the nature of the crime.
The showing made by the defendant is inadequate to establish an abuse of discretion by the trial judge or prejudice to the defendant.

BILL OF EXCEPTIONS NO. 12
The defendant reserved Bill of Exceptions No. 12 to the trial judge's refusal to grant a new trial.
The motion for a new trial is based upon the bills of exceptions previously discussed and the allegation that the verdict is contrary to the law and the evidence. These allegations present nothing further for review. See State v. Pierre, 261 La. 42, 259 So.2d 6 (1972) and the authorities therein cited.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents being of the opinion that exclusion of women from jury duty is unconstitutional.
NOTES
[1] The defendant's motion for a bill of particulars was as follows:

1. Was the theft a misappropriation or a taking? State which.
2. Did the accused commit the alleged theft by a fraudulent conduct, practices or representations? State which.
3. How did the accused intend to permanently deprive R. C. Cobb of said automobile?
4. Who had possession of the automobile at the time of the alleged theft thereof?
5. Where was the automobile located at the time of the theft?
6. Describe the manner in which the theft occurred.
7. State the exact date, time and place the alleged offence occurred.
8. Was a warrant used for the arrest? If so, furnish a copy or make available to defendant's counsel the warrant so a copy can be made.
9. Was the automobile in defendant's possession at the time of the arrest? If so, state the circumstances that show the defendant to have been in possession at the time of the arrest.
10. At the time of the arrest of defendant, if a warrant was not used, what crime was defendant committing in the presence of the arresting officers?
11. Did defendant make any confessions, admissions or declarations, whether written or oral, or either or both, to any arresting, investigating, detaining or other police officer? If so, furnish a copy of the same.