SANDERS, Chief Justice
(dissenting).
I dissent for the reasons assigned in my dissenting opinion in State v. Shreveport News Agency, Inc., La., 287 So.2d 464 (1973).
As I noted in that dissent, no mandate of the United States Supreme Court requires us to strike down our state obscenity statute. To the contrary, in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L. Ed.2d 419 (1973), the United States Supreme Court pointed out that a state court could construe its statute so as to effectuate the less stringent standards announced in that decision. Such a construction is an approved judicial practice in this and other courts. See United States v. 12 200-Ft. Reels of Super 8 mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); Wainwright v. Stone & Huffman, 414 U. S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); State v. Eros Cinema, Inc., 262 La. 706, 264 So.2d 615 (1972); Levy v. State, Char. Hosp. of La., N. Orleans Bd. of Ad., 253 La. 73, 216 So.2d 818 (1968); State v. Rasheed, 248 La. 309, 178 So.2d 261, cert. den. 384 U.S. 1012, 86 S.Ct. 1962, 16 L.Ed. 2d 1031 (1965); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965); State v. Rideau, 246 La. 451, 165 So.2d 282 (1964); 16 Am.Jur.2d, Constitutional Law § 144, p. 345.
For the reasons assigned, I respectfully dissent.