363 So.2d 699 (1978)
STATE of Louisiana
v.
Jimmie L. TAYLOR and Gary A. Desdunes.
No. 61949.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
*701 L. Howard McCurdy, Robert F. Barnard, New Orleans, Orleans Indigent Defender Program, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Jimmie L. Taylor and Gary A. Desdunes were charged in the same information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendants were found guilty as charged. After conviction, but prior to sentencing, the district attorney filed an information accusing Taylor of a previous felony conviction under La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found Taylor to be an habitual offender and sentenced him to serve fifty years at hard labor. Desdunes was sentenced to serve forty years at hard labor. On appeal, defendants rely on six assignments of error for reversal of their convictions and sentences.[1]

ASSIGNMENT OF ERROR NO. 3
Defendants contend the trial judge erred in refusing their request at trial for production of the police report.
Police reports are considered confidential, and generally the state may not be compelled to produce them for inspection. However, we have held that a defendant may obtain a copy of a police report if it is established that there is an inconsistency between the officer's testimony at trial and his report, or when the officer's testimony at trial is from his report rather than his memory. State v. Banks, 341 So.2d 394 (La.1976); State v. Foret, 315 So.2d 278 (La.1975).
In the instant case, defendants do not contend that there was any inconsistent testimony given by the police officer nor does the record so reflect. Moreover, it is clear from the record that the officer's testimony was a product of present memory refreshed rather than past recollection recorded. The officer did not refer to the report while testifying on the stand. Furthermore, he repeatedly stated, upon being questioned first by defense counsel and then by the trial judge, that he was testifying from his independent recollection, refreshed by reading over his report prior to trial. Hence, the trial judge did not err in denying defendants' request for production *702 of the police report. State v. Whitehurst, 319 So.2d 907 (La.1975); State v. Lane, 302 So.2d 880 (La.1974).
Defendants cite State v. Tharp, 284 So.2d 536 (La.1973) (on rehearing), as authority for the contrary conclusion. However, that decision is distinguishable, as the following statement from that opinion indicates:
We reject the State's argument that this witness was testifying from memory refreshed outside the courtroom prior to taking the stand. The witness stated that his testimony came from his report which he had with him on the stand.

See also State v. Whitehurst, supra; State v. Lane, supra.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendants contend the trial judge erred in denying an oral motion to suppress made at the conclusion of the state's case. They argue that the officers had no reasonable cause to stop and frisk defendants and, in any event, had no authority to seize tangible evidence including $284 in paper money, coins, a personal check and a wristwatch from defendants' persons. Defendants admit that no motion to suppress was filed prior to trial but claim that they only became aware of the grounds for such a motion during trial.
In the instant case, the testimony at trial reveals that, while two police officers were stopped at the intersection of Decatur and Conti Streets in New Orleans, they observed defendants running toward them at about 1:15 a. m. After spotting the police officers, defendants abruptly ceased running and commenced walking in the same direction. After fifteen yards from the patrol car, Taylor fell behind Desdunes, out of view of the officers. At the intersection, Taylor reappeared alongside of Desdunes, whereupon the officers stopped and detained defendants.
While conducting a frisk of defendants, one of the officers noticed bulges in Taylor's pockets. Upon being questioned as to the contents of his pockets, Taylor voluntarily began to take money from his pockets and placed it upon the patrol car, stating that it had been won in a dice game. At this point, a cab driver who had stopped behind the patrol car beckoned to the officer, who directed Taylor to return the money to his pockets, and get into the patrol car. The officer then learned from the cab driver of an armed robbery of a bar two and a half blocks away, reported only minutes before. Immediately thereafter, the officers continued a search of the area and discovered a pistol some ten feet away from the patrol car, along the route defendants had been traveling. Returning to the patrol car, the officers received from headquarters confirmation of the cab driver's tip, placed defendants under arrest, searched their persons and discovered the evidence at issue.
A motion to suppress must be filed no later than three judicial days before trial on the merits begins, unless opportunity therefor did not exist or defendant was not aware of the grounds for the motion. In such an event, the court in its discretion may permit the filing of a motion to suppress at any time before or during trial. La.Code Crim.P. art. 703. The purpose of this requirement is to prevent interruption of trials, avoid the effort and expense of useless trials, and to protect juries from exposure to inadmissible evidence. State v. Wallace, 254 La. 477, 224 So.2d 461 (1969); State v. Rasheed, 248 La. 309, 178 So.2d 261 (1965).
First, it is obvious that defendants were well aware of the grounds for the motion to suppress prior to trial. They knew of the facts surrounding their arrests and seizure of the evidence. Moreover, the arrests and seizure of evidence took place on November 12, 1974. Defendants had the benefit of counsel from November 1974 until trial on June 10, 1975. Other pretrial motions were filed by defendants.
In addition, the state in its opening statement fully described the events surrounding defendants' arrests, including the evidence seized from them. During trial, witnesses *703 for the state testified and were cross-examined extensively about the evidence which they identified. Immediately prior to the close of the state's evidence, the state offered the items previously identified in evidence. It was at this point that defendants for the first time made an oral motion to suppress the evidence. Even if the evidence had been inadmissible, the damage would have already been done at this point in the proceedings.
Under the circumstances here presented, we do not consider that the trial judge abused his discretion in denying defendants' motion to suppress. When a motion to suppress is untimely, objection to the admissibility of evidence based on an infirmity in a search and seizure is waived. La.Code Crim.P. art. 703, Official Revision Comment (d); State v. Wallace, supra.
In any event, we find that the seizure of the evidence from defendants was not constitutionally infirm.
The right of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity is recognized by La.Code Crim.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Dixon, 337 So.2d 1165 (La.1976); State v. Cook, 332 So.2d 760 (La.1976); State v. Rogers, 324 So.2d 403 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). We have held that reasonable cause for an investigatory detention is something less than probable cause, and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Dixon, supra; State v. Weathers, 320 So.2d 892 (La.1975).
In the instant case, it is clear from the record that the police officers had reasonable cause to detain and question defendants. The suspicious conduct took place late at night in an area where robberies, rapes and purse-snatchings are common. In addition, defendants' conduct was consistent with that of one who has just committed a crime. The officers were therefore entitled to detain and question defendants. State v. Williams, 304 So.2d 311 (La. 1974); State v. Cook, supra.
Moreover, pursuant to the statutory authority of La.Code Crim.P. art. 215.1(B), the officers were equally justified in conducting a limited weapons pat-down. Terry v. Ohio, supra; State v. Cole, 337 So.2d 1067 (La. 1976); State v. Dixon, supra. During the course of this pat-down, Taylor voluntarily began to remove money from his pockets in response to the officer's query as to the contents of his bulging pockets. The officer did not confiscate the money at this point; rather, he instructed Taylor to return it to his pockets.
Thereafter, upon finding a weapon in the immediate vicinity and receiving confirmation of the cab driver's tip, the original reasonable cause to stop and frisk defendants ripened into probable cause for their arrest. At this juncture, the officers did arrest defendants, conducted a full search of their persons, and seized the evidence as an incident to the lawful arrests. Accordingly, we find that the trial judge did not err in denying defendants' motion to suppress.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendants contend the trial judge erred in charging the jury that the law presumes that the person in the unexplained possession of property recently stolen is the thief. He argues that this instruction unconstitutionally relieved the state of its burden of proving beyond a reasonable doubt each element of the crime charged.
Included in the trial judge's charge to the jury was an instruction that there is a presumption "that the person in the unexplained possession of property recently stolen is the thief." Defendants' objection to the instruction on the ground that it violated their constitutional rights was overruled.
*704 La.R.S. 15:432 provides that there is a legal presumption "that the person in the unexplained possession of property recently stolen is the thief." The constitutionality of this statutory presumption was upheld in State v. Womack, 283 So.2d 708 (La.1973). In State v. Searle, 339 So.2d 1194 (La.1976) (on rehearing), we noted that "in order to sustain the use of a presumption to prove the crime charged or an essential element thereof it is incumbent upon the prosecution to demonstrate that the presumed fact must beyond a reasonable doubt flow from the proven fact on which it is made to depend." However, in Searle, we only held that the judicial extension of the statutory presumption to other crimes was "unconstitutional, unwise and must be overruled." We did not find that the statutory presumption itself was unconstitutional on its face. See also State v. Jamerson, 341 So.2d 1118 (La.1977); State v. Montoya, 340 So.2d 557 (La.1976).
In State v. Coleman, 358 So.2d 289 (La.1978), we affirmed that there was no constitutional defect in the statutory presumption if properly used, i. e., if its effect, in the context of the entire charge, is only to create an inference that the person in possession of recently misappropriated property was the misappropriator. The presumption cannot be used in such a manner as to lessen the state's constitutional and statutory burden of proving beyond a reasonable doubt the accused's guilt of every element of the crime charged; nor in such a manner that the defendant is penalized for his failure personally to explain his possession of the item, in derogation of his constitutional right to remain silent.
In the instant case, the trial judge instructed the jury that the person in the unexplained possession of property recently stolen is presumed to be the thief. See State v. Montoya, supra. Theft is but one of the elements of armed robbery, the crime charged. The trial judge clearly delineated the other elements of the crime charged and made it clear to the jury that the state bore the burden of proving beyond a reasonable doubt each and every element of the crime charged. In addition, the trial judge adequately informed the jury of defendants' constitutional right to remain silent, charging them that such silence could in no way be used to infer the guilt of defendants.
Moreover, we find from the evidence that the presumed fact that the person in the unexplained possession of property recently stolen is the thief flows beyond a reasonable doubt from the proven facts on which it is made to depend. Defendants were arrested and the property seized from their possession within minutes of the perpetration of the armed robbery two and a half blocks away. Also, defendants were positively identified as the culprits by eyewitnesses and the victim of the crime. Hence, the trial judge did not err in instructing the jury on the statutory presumption here involved.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendants contend the trial judge erred in denying their motions for mistrial based on three allegedly objectionable remarks and their objection to a fourth remark made during trial. They argue that the remarks referred to other crimes which were not admissible in evidence. They also argue that no prior notice was given by the state as required by State v. Prieur, 277 So.2d 126 (La.1973).
The four remarks of which defendants complain are (1) the state's reference in its opening statement to the amount actually stolen as more than the amount alleged in the bill of information; (2) the arresting officer's testimony in which he used the plural "victims" where the information named only one victim; (3) a victim's testimony describing another victim's reaction to being robbed; and (4) the bartender's unresponsive testimony that he had been robbed four times previously.
La.R.S. 15:447 provides:
Res gestae are events speaking for themselves under the immediate pressure *705 of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
La.R.S. 15:448 provides:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
The record reveals that the other crime evidence contained in the first three remarks was inseparably intertwined with the armed robbery in time and place. As such, these other crimes were an immediate concomitant of the armed robbery and formed in conjunction with it one continuous transaction. Therefore, evidence of the other crimes was admissible as part of the res gestae. State v. Cass, 356 So.2d 936 (La.1977); State v. Flowers, 337 So.2d 469 (La.1976); State v. McCoy, 337 So.2d 192 (La.1976); State v. Curry, 325 So.2d 598 (La.1976); State v. Robinson, 302 So.2d 270 (La.1974); State v. Matthews, 292 So.2d 226 (La.1974). Moreover, no notice is required as to evidence of offenses which are part of the res gestae. State v. Prieur, supra. Hence, the trial judge correctly denied defendants' motions for mistrial resulting from the three remarks.
The fourth remark consisted of the bartender's unresponsive reference during cross-examination to four previous armed robberies. On defendants' objection, the trial judge admonished the jury to disregard the remark.
First, defendants were in no way connected with the reference to the prior armed robberies. Secondly, we do not find, nor do defendants claim, that the allegedly impermissible remark was deliberately obtained by design of the prosecution to prejudice the rights of defendants. The witness' answer was unresponsive to defendants' question during cross-examination. Moreover, the jury was immediately admonished to disregard the remark. Under the circumstances, we do not consider that this isolated reference to other armed robberies in no way connected to defendants by this witness during cross-examination was of any consequence. The remark created no prejudice in the mind of the jury. Hence, defendants have no cause to complain. See State v. Fowlkes, 352 So.2d 208 (La.1977).
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
In this prosecution for armed robbery the jury was instructed that there is a presumption that the person in the unexplained possession of property recently stolen is the thief. To give this instruction in the literal words of the statute did not merely inform the jury that it may infer from such circumstances that defendants committed a theft. Considering the context and the language of the instructions, in my opinion, any reasonable juror would have understood that the instruction authorized him to presume that the defendants, who were found in the unexplained possession of money from a recent armed robbery, were guilty of armed robbery. This type of presumption, which as a practical matter relieves the state of its constitutional obligation to prove every essential element and fact necessary to convict the defendant of the crime charged, contradicts the guarantee of due process of law and the privilege against self-incrimination. State v. Montoya, 340 So.2d 557 (La.1976); State v. Searle, 339 So.2d 1194 (La.1976).
NOTES
[1] Defendants have neither briefed nor argued Assignments of Error Nos. 1 and 2. Hence, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).