376 So.2d 1249 (1979)
STATE of Louisiana
v.
Frank GREEN, Jr.
No. 64375.
Supreme Court of Louisiana.
November 1, 1979.
William L. Crull, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Mark S. McTernan, Fredericka L. Homberg, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.
Defendant Frank Green, Jr. was charged by bill of information with armed robbery in violation of R.S. 14:64. On November 16, 1977, after waiving his right to a jury trial, he was found guilty as charged by the trial judge and sentenced to serve twenty-five years at hard labor without benefit of parole. On appeal, defendant relies upon *1250 two[1] of the three assignments of error filed below.
In his first assignment defendant contends that error was committed in admitting the robbery weapon into evidence because the gun was unlawfully seized. At trial, defense counsel objected to the admissibility of the gun into evidence on the ground that the consent for the search was not voluntary.
Defendant was arrested at the back door of Ilona Harrington's (his girlfriend) residence. After defendant had been removed from the scene, Officer Smith asked Miss Harrington for permission to search the house for a weapon. On direct examination Officer Smith claimed that, "Miss Harrington gave permission, directed me to a bedroom, lifted a mattress, and showed me a revolver." The cross-examination of Officer Smith by defense counsel revealed the following:
"Q. But you did tell her if she didn't concede to this search then she could be in trouble? In other words, she could be charged with abetting a criminal?
A. Yes, sir. We did inform her of that."
At the close of the state's case the gun was offered in evidence, and for the first time defendant objected. Miss Harrington, on direct examination in response to defense counsel's inquiry as to whether she voluntarily let them search her apartment, said, "No. I told them they couldn't search the apartment and then they told me they was going to take me and all my kids to jail if I wouldn't let them search the apartment without a warrant." Miss Harrington testified that they then searched the apartment and found the gun themselves. Officer Smith was recalled as a rebuttal witness for the state but was not asked about Miss Harrington's testimony concerning the search. His testimony on direct examination had, in effect, confirmed Miss Harrington's assertion that her consent was coerced by the threat of jail.
Defendant argues that since the consent of Miss Harrington was coerced, the gun was seized in violation of his rights under the United States Constitution, Fourth Amendment, and the Louisiana Constitution of 1974, Art. 1, § 5, and was therefore inadmissible at trial. Under Art. 1, § 5, La.Const. of 1974, defendant has standing to raise the illegality of the search of another because he is adversely affected by that search. State v. Boyd, 359 So.2d 931 (La.1978); State v. Culotta, 343 So.2d 977 (La.1976). However, the prosecutor has the burden of proving that the consent was freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Officer Smith admitted that he warned Miss Harrington that she would be aiding and abetting a felon if she withheld her consent. Therefore the state has failed to meet its burden in this case for "[w]here there is coercion there cannot be consent." Bumper v. North Carolina, supra, U.S. at 550, 88 S.Ct. at 1792, 20 L.Ed.2d at 803.
Nevertheless, an examination of the record shows that defendant cannot avail himself of the illegal seizure.
Article 703 of the Code of Criminal Procedure requires a motion to suppress be filed in advance of trial (unless that is prevented, or the trial judge permits). But this was a trial before a judge alone, and considerations of efficiency noted in State v. Taylor, 363 So.2d 699 (La.1978) are not applicable.
It was not so much the failure to file a motion to suppress, but the actions of the defense counsel at trial, that are convincing that he waived his right to exclude the illegally seized evidence (probably believing that its probative value was slight).
When Officer Smith, testifying for the state, described his seizure of the revolver *1251 from Miss Harrington's apartment and identified the revolver he was shown by the prosecutor as the one seized, no objection was made by defense counsel. Several other witnesses identified the revolver shown to them as looking like the robbery weapon and defense counsel made no objection. Only at the close of the state's case, when the prosecutor offered the revolver into evidence, did defense counsel object to its admissibility. Under these circumstances, where an opportunity for filing a motion to suppress existed prior to the close of the state's case, and defense counsel was well aware of the grounds for such a motion, objection to the admissibility of the revolver is waived. State v. Taylor, supra; State v. Wallace, 254 La. 477, 224 So.2d 461 (1969).
For these reasons, defendant's conviction and sentence are affirmed.
MARCUS, J., concurs.
NOTES
[1] In the second of the assignments briefed, the defendant argues that the trial court erred in excluding a defense witness' testimony concerning what the witness had been told by the officer conducting the line-up.

There is no merit to the assignment. All the witnesses to the line-up testified at trial. None were asked whether they had told the line-up officer about being uncertain about the identification. The hearsay testimony sought to be introduced by defendant did not fall within any exceptions. There was no error in the ruling of the trial court.