PRICE, Judge.
This is a tort action brought by the father of a teen-age boy, individually and on behalf of his son, for injury received by the boy in a football game sponsored by the recreation department of the City of Shreveport. From an adverse judgment in the district court the plaintiffs have appealed. Preliminary procedural questions previously disposed of by appeal to the Supreme Court are reported in 252 La. 423, 211 So. 2d 314 (1968).
The facts giving rise to this litigation are as follows: On November 5, 1964, Joseph A. Sullins, fourteen-year old son of Maner J. Sullins and Patsy Bendix Sullins, was playing football for a parochial elementary school team in a football league sponsored by the recreation department of the City of Shreveport. The game was being played on a field owned by and under the exclusive control of the City. Young Sullins sustained a cut to his left knee after being tackled while carrying the ball for his team. It was finally concluded that he had received the cut from falling on a small piece of glass partially imbedded in the turf in the southwest quarter of the playing field. This piece of glass was described by witnesses to be a concave shaped portion of a soft drink bottle, green in color and about the size of a half dollar.
The trial judge in his reasons for judgment found that the Sullins youth enjoyed the status of an invitee of the defendant City, but that the plaintiff had failed to prove that the City had violated any duty owed to him which would render it at fault in this case. He cited the case of Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967), as authority for applying the standard of reasonable care as the duty owed by the owner to an invitee, including the duty to discover reasonably discoverable conditions of premises which may be unreasonably dangerous. The trial court found that although the piece of glass on a football field was an unreasonably dangerous condition, that under the circumstances of this case the City had not violated any duty to discover this danger. The court found that because of the size and color of the piece of glass, it would have been difficult to detect it by a reasonable inspection of the field. The court also found no merit in the plaintiffs’ contention that the City was negligent in permitting the sale of soft drinks in glass bottles at a concession stand near the bleachers on the side of the playing field. The Court did not find any evidence showing that this factor had any causal relation with the piece of glass on the playing field.
On this appeal the appellant has assigned as error the findings of the trial court that the broken glass was not reasonably discoverable, and that the City had failed to prove by sufficient evidence that it had specifically carried out a reasonable method of inspection on the particular date of November 5, 1964. One further specification is made in regard to the trial court’s refusal to admit the testimony of a witness as to the degree of maintenance exercised on another recreation field at another location on a different date.
All parties concede the status of the injured youth to be that of an invitee on the premises of the City. The duty owed by the owner to an invitee, as stated in the Foggin case, is that of reasonable care. Included in this definition is the duty to discover reasonably discoverable dangerous conditions that exist on the premises. Appellant argues, both in brief and oral argument, that once he has proven the injury occurred because of the presence of the piece of broken glass, and since the glass on a football field is an unreasonably danger *392 ous condition, the burden is on the City to prove that it exercised every reasonable precaution to have discovered it prior to allowing the field to be used for the football game. In essence, he would have the court apply the doctrine of res ipsa loquitur to this situation. We find no authority to support this contention.
In the case of James v. Childs, Division of Kroger Company, 166 So.2d 77 (La.App.3d Cir., 1964), the Court of Appeal quoted a definition for the application of the doctrine of res ipsa loquitur from Malone on Torts; Proof of Negligence, 19 La. Law Review 335-336, which we also approve and quote as follows:
“Do the facts shown suggest the negligence of the defendant, rather than other factors, as the most plausible explanation of the accident ? ”
We must answer this question in the negative. Due to the small size of the piece of glass involved herein, together with its green color against a background of grass, it could hardly be said that this would be a reasonably discoverable object on a field measuring 120 yards by 50 yards.
There is no proof of any circumstances which would have suggested to the City that broken glass might be present on the field. There was no other glass scattered on or off of the playing field, nor was there any evidence that a problem had existed with broken bottles at any time prior to this incident. The evidence disclosed that the concession stand was situated well away from the playing field and there is no evidence indicating that the empty bottles were not collected properly by the personnel operating the stand.
The evidence disclosed that although the injury occurred on November 5, 1964, the City of Shreveport was not made aware that a claim for damages was being made until approximately three years later. The case was not tried until February, 1969, which was five years after the incident. It would, therefore, be illogical, under these circumstances, to say that the City should be required to bear the burden of proving with exactness the procedure used to inspect the athletic field on this date some five years before. The City did produce the officials of the recreation department in charge of the football program, who testified to the general operating procedure in effect during the year of this accident. They testified that a maintenance crew relined the yard markers on the day of each game. These markers were located at five yard intervals. These men were instructed to watch out for and remove any foreign objects seen on the field. In addition to this procedure, two of the officials of the recreation department stated they inspected each field on every date it was used and made certain that the maintenance crew had performed their work.
The testimony further revealed that it was the duty of the game officials to make a preliminary inspection of the playing field to see that it was in proper condition before starting each game.
Plaintiff offered no evidence that the City failed to make an adequate inspection, relying on the proposition that it was the burden of the City to prove its exercise of reasonable care.
The evidence contained in the offer of proof,, pertaining to maintenance carried on at a softball field in another area of the city at an entirely different time from this incident, was properly ruled inadmissible by the trial judge. It is elementary that negligence may not be established by proof of an act of prior negligence on the part of the party being charged.
The burden is on the plaintiff to prove all of the essential elements to establish negligence on the part of the defendant. Plaintiff has not shown that the City violated any duty owed to young Sullins in this case, as found by the trial judge.
The judgment appealed from is therefore affirmed at appellants’ cost.