304 So.2d 354 (1974)
STATE of Louisiana
v.
William ROSS.
No. 55050.
Supreme Court of Louisiana.
December 2, 1974.
*355 Samuel P. Love, Sr., Love, Rigby, Dehan & Love, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
After a jury returned a verdict of guilty to the charge of second degree murder, La.R.S. 14:30.1, as amended by act 111 of 1973, defendant sought to arrest the judgment on two grounds:
a. The statute under which defendant was charged is unconstitutional in that it violates the provisions of Article V, Section 10, of the Louisiana Constitution of 1921, as amended, in that it is a legislative encroachment on the constitutional powers of the Governor of the State of Louisiana to grant reprieves, pardons, to commute sentences, and to remit fines and forfeitures;
b. The statute under which defendant is charged is also unconstitutional in that its enactment violates Article III, Section 8, of the Louisiana Constitution of 1921, as amended, as it occurred during a budgetary or fiscal legislative session without the necessary three-fourths vote required by said constitutional article for passage of a non-fiscal or non-budgetary matter.
For the reasons hereinafter set out, neither of these grounds have merit for arrest of the judgment of conviction in this case.
On February 21, 1974, the jury returned a verdict of guilty to second degree murder committed by defendant on or about December 5, 1973. Conformably with La.R.S. 14:30.1, as amended in 1973, the court sentenced defendant to be confined at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years.
Attack is made upon that portion of La. R.S. 14:30.1, which provides for such a sentence,[1] defendant claiming that it encroaches upon the governor's powers, particularly that portion of article V, section *356 10 of the Louisiana Constitution of 1921 which provides special pardon privileges to first offenders. Under the sentence required by the second degree murder statute, it is urged there is no possibility for a first offender to be given his constitutional right to pardon as that sentence is a mandatory life sentence which cannot be completed prior to death. Additionally, defendant urges the fact that he cannot be granted first offender pardon privileges is a failure to extend to him equal protection of the law.
The argument of defendant is without merit for the reason that there is no encroachment on the power of the governor to pardon first offenders in the penalty provision of the second degree murder statute, La.R.S. 14:30.1, as amended in 1973. That statute mandates imprisonment "at hard labor for life" without the eligibility "for parole, probation or suspension of sentence for a period of twenty years." It makes no mention whatsoever of pardon; no restriction on the governor's powers as proscribed in article V, section 10 of the Louisiana Constitution in that regard is contained therein.
The power to pardon given to the governor is set out in the Louisiana Constitution, article V, as follows:
Section 10. The Governor shall have power to grant reprieves for all offenses against the State; and may, except in cases of impeachment, or treason, upon the recommendation in writing of the Lieutenant Governor, Attorney General, and presiding judge of the court before which the conviction was had, or any two of them, grant pardons, commute sentences, and remit fines and forfeitures; provided, however, that each first offender who has never previously been convicted of a felony shall be eligible for pardon automatically upon completion of his sentence without the aforementioned recommendation in writing. In case of treason he may grant reprieves until the end of the next session of the legislature, in which body the power of pardoning is vested.[2]
Clearly, the pardoning power vested in the governor under the above quoted constitutional provision is not in any manner encroached upon by the second degree murder penalty provision. The constitutional provision grants the governor the power, except in cases of impeachment or treason, upon the recommendation in writing of the lieutenant governor, attorney general, and presiding judge of the court before which conviction was had, or any two of them, to grant pardons. There is no claim that the second degree murder penalty provision encroaches upon the right of the governor to pardon under these circumstances, and it does not.
Rather, defendant argues, there is an encroachment of the penalty provision of the second degree murder statute upon that portion of the constitutional provision which recites that ". . . each first offender who has never previously been convicted of a felony shall be eligible for *357 pardon automatically upon completion of his sentence without the aforementioned recommendation in writing. . . ." The contention is completely untenable. This portion of article V, section 10 of the Constitution was never intended to apply to first felony offenders who had been sentenced to life imprisonment. The obvious reason is that this provision applies only upon completion of sentence, and one who has been sentenced to life imprisonment cannot complete that sentence until death. Therefore, since this provision never applied and does not apply to first felony offenders sentenced to life imprisonment, the enactment of the second degree murder statute with a mandatory life sentence in no way encroaches upon or violates this provision of the Constitution.
The only guarantee of the equal protection clause is that all similarly situated be treated equally. There is no showing that all first offenders sentenced to life imprisonment are not so treated.
The second ground urged for arrest of judgment is that La.R.S. 14:30.1, as amended in 1973, is unconstitutional in that its enactment violates article III, section 8 of the Louisiana Constitution of 1921, as it occurred during a budgetary or fiscal legislative session without the necessary three-fourths vote required by said constitutional article for passage of a non-fiscal or non-budgetary matter.
This identical attack upon the second degree murder statute as enacted in 1973 was rejected in State v. Reado, 295 So.2d 440 (La.1974). For the reasons set out in that opinion, we likewise reject the argument in this case.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
NOTES
[1] La.R.S. 14:30.1, as amended in 1973, provides:

Whoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years.
[2] The 1974 constitutional provision, effective January 1, 1975, relating to the pardoning power of the governor is contained in article IV, section 5(E), which reads as follows: Pardon, Commutation, Reprieve, and Remission; Board of Pardons. (1) The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.

(2) The Board of Pardons shall consist of five electors appointed by the governor, subject to confirmation by the Senate. Each member of the board shall serve a term concurrent with that of the governor appointing him.