BARHAM, Justice.
The defendant in this case was indicted by the Vernon Parish grand jury for first degree murder. He filed a motion to quash the indictment based on an allegation that the first and second degree murder statutes are unconstitutional.
The motion was heard on April 29, 1974, and the judge rendered a decision granting the motion on that same date, 'relying on his interpretation of this Court’s decision in Sullins v. City of Shreveport, 252 La. 423, 211 So.2d 314 (1968). We reverse.
The statute in question, La.R.S. 14:30, was passed during the regular session of the legislature as Act 109 of 1973; that session was a fiscal session. Defendant’s contention is that the Act was not a fiscal matter and was therefore passed contrary to La.Const. Art. 3, § 8 (1921) which restricts a fiscal session to budgetary or fiscal measures as follows:
“Section 8. The Legislature shall meet in regular session at the seat of government on the second Monday in May, 1954 at twelve o’clock noon, and annually thereafter. All regular sessions convening in the even numbered years shall be general sessions and shall be limited to sixty days. No new matter intended to have the effect of law shall be introduced or received by either branch of the Legislature after midnight of the fifteenth day of its session, except in case of emergency and then only by a yea and nay vote of two-thirds of the members elected. * * *
“All regular sessions convening in the odd numbered years shall be restricted to budgetary or fiscal matters; however, no measures levying new taxes or increasing existing taxes shall be introduced or enacted. All regular sessions convening in the odd numbered years shall be limited to thirty days; provided, however, that no new matter intended to have the effect of law shall be introduced or be received by either branch of the Legislature after midnight of the tenth day of its session. * * * and any proposal to extend the budget session to matters other than those enumerated in this Paragraph, * * * shall require the consent of three-fourths of the elected members of each house.”
We considered this issue with regard to the second degree murder statute in State v. Reado, 295 So.2d 440 (La.1974), in *263 which we found the statute to be constitutional and denied the motion to quash. In Reado we held that a statute is passed in conformity with La.Const. Art. 3, § 8 even though it does not receive a three-fourths vote on final passage so long as there was a three-fourths vote to extend the session and a majority vote for final passage of the statute. The trial judge’s reliance on Sullins v. City of Shreveport was misplaced because in Reado we overruled Std-lins insofar as it could not be reconciled with our holding in Reado.
For the reasons assigned, the motion to quash is denied and the case is remanded to the trial court for proceedings in accordance with this opinion.