315 So.2d 266 (1975)
STATE of Louisiana
v.
Clinton ANDERSON.
No. 55993.
Supreme Court of Louisiana.
June 23, 1975.
*267 Jack H. Kaplan, Gamm, Greenberg & Kaplan, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried and convicted of second degree murder and sentenced to serve life imprisonment at hard labor. R. S. 14:30.1.

Assignment of Error No. 1
This assignment is based upon the alleged unconstitutionality of R.S. 14:30.1. Defendant contends that the statute was passed in violation of Art. III, § 8, La. Const. (1921), and that we should reconsider our decision in State v. Reado, 295 So.2d 440 (La.1974), upholding the constitutionality of the statute. Defendant fails to advance any reasons for a further review of our reaffirmances of Reado in State v. McDaniel, 308 So.2d 262 (La. 1975) and State v. Ross, 304 So.2d 354 (La.1974).

Assignments of Errors Nos. 2 and 3
These assignments of error deal with the composition of the grand and petit juries. Defendant contends that women and blacks were systematically excluded from the jury venires. Dwight D. Pyburn, clerk of court, and W. B. Wallace, another member of the jury commission, testified that the venires were prepared by a random selection of names from the voter registration rolls obtained from the registrar of voters. In accordance with established law at the time of trial, women were not included in the venire unless they had filed previously an application for jury duty with the clerk of court as then required by Art. VII, § 41, La.Const. (1921) and C. Cr.P. 402. The voter registration rolls contained only the names and addresses of persons registered to vote; there was no indication of the race or age of the voter. The exemption granted to women was found to be violative of the Fourteenth Amendment in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). However, this decision will not be applied retroactively. State v. Rester, 309 So.2d 321 (La.1975). See Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).
Defendant had a constitutional right to be indicted and tried by juries chosen from a fair cross-section of the community; he was not entitled to have a certain percentage of his race included on the grand jury which indicted him, or on the petit jury which tried him. Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). In the instant case defendant failed to show any systematic exclusion from the jury venire of members of his race. In fact, the record establishes that a racially neutral list of persons registered to vote in the parish was used as the source for prospective jurors. The record is devoid of any prima facie showing of discrimination. State v. Watson, 301 So.2d 653 (La.1974); State v. Douglas, 256 La. 186, 235 So.2d 563, cert. den. 401 U.S. 914, 91 S.Ct. 888, 27 L.Ed.2d 814 (1970). Finally, defendant's contention that the five member jury commission's failure to contain a black member is without merit, as the racial composition per se does not constitute a denial of defendant's right to equal protection. The relevant issue is whether the jury venires were selected properly. Carter v. Jury Commission of *268 Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970); State v. Douglas, supra.

Assignment of Error No. 4
Defendant contends that the trial court "erred in allowing the District Attorney to challenge either for cause or peremptorily all black persons on the jury venire failing to give the defendant a trial of persons of the same race and age." As defendant fails to complain of any specific challenge for cause granted to the State over the objection of the defendant, we are unable to review the actions of the trial court in this regard. The use of peremptory challenges by the State in this case does not present an issue for review. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L. Ed.2d 759 (1965); State v. Jack, 285 So.2d 204 (La.1973); State v. Gray, 285 So.2d 199 (La.1973).

Assignment of Error No. 6
Defendant contends in brief filed before this court that certain objects introduced at trial had been seized during an illegal search. According to the uncontroverted testimony of the police officers, the items, clothes allegedly worn by the defendant at the time of the murder, were taken from the residence of the defendant's uncle on two occasions after written and verbal permission for the searches had been given to the police officers. Defendant failed to file a motion to suppress prior to trial under C.Cr.P. 703, and he failed to object to their introduction during trial. He cannot therefore on appeal complain before this court that the objects were seized during an unconstitutional search.

Assignment of Error No. 7
Defendant contends that the second degree murder statute imposes a penalty which constitutes cruel and unusual punishment. The penal provision of the statute provides that a person convicted of the crime "shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years." We have upheld a similar penalty provision with regard to armed robbery (R.S. 14:64) which requires the entire sentence be served without benefit of parole, probation or suspension of sentence. State v. Martin, 304 So.2d 328 (La.1974); State v. Bradford, 298 So.2d 781 (La.1974); State v. Howard, 262 La. 270, 263 So.2d 32 (1972). See, generally, Annotation, "Length of Sentence as Violation of Constitutional Provisions Prohibiting Cruel and Unusual Punishment," 33 A.L.R.3d 335 (1970). The sentence provisions in the instant case are analogous to the armed robbery statute, and defendant's contentions are likewise without merit.
For the reasons assigned, the conviction and sentence are affirmed.