MARCUS, Justice.
Henry Wright was indicted by the grand jury for the Parish of Orleans for second degree murder of Betty Butler, in violation of La.R.S. 14:30.1. After trial by jury, he was found guilty as charged and was thereafter sentenced to life imprisonment at hard labor. On appeal, he relies upon seven assignments of error for reversal of his conviction and sentence.[1]
ASSIGNMENTS OF ERROR NOS. 3 AND 7
Defendant contends that the trial judge erred in sustaining the state’s objection to defendant’s attempt to show a state witness, Isiah Hill, a clipping of a newspaper account of the homicide (Assignment of Error No. 3). He further asserts as error the sustaining by the trial judge of the state’s objection to the introduction of this newspaper article into evidence (Assignment of Error No. 7).
Isiah Hill was an eyewitness to the shooting which occurred at about 6:25 p. m. on March 15, 1974. The victim was his sister-in-law and was in the company of his daughter at the time. They were in the 500 block of Josephine Street and were headed toward Rousseau Street in the City of New Orleans. They were on their way to a sweet shop. Hill heard two shots and observed the victim fall to the ground. He testified that he saw defendant, whom he knew, shoot the victim with a small caliber gun which he had in his hand. Hill denied hearing any gun battle. On cross-examination, defense counsel attempted to exhibit a clipping of a newspaper account of the homicide to this witness and later to introduce it in evidence. The state’s objections in both instances were sustained by the trial judge.
Defendant contends that the newspaper narrative of the killing gives rise to an inference that the victim’s shooting was accidental and therefore of an exculpatory nature. He asserts that the refusal to admit the article constitutes a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
There is no merit to this contention. In Brady, the United States Supreme Court held that the suppression by the prosecutor of evidence, in the face of a defense production request, that is favorable to the accused and is material to the issue of either guilt or punishment, constitutes a denial of due process. Defendant makes no showing that the state suppressed evidence of this newspaper article. Further, defendant made no attempt to lay a foundation for introduction of the article in evidence by calling the writer to testify at trial. Hence, the newspaper narrative of the shooting was clearly hearsay and was inadmissible under La.R.S. 15:434. The rulings of the trial judge were correct. Assignments of Error Nos. 3 and 7 lack merit.
*242 ASSIGNMENTS OF ERROR NOS. 8 AND 9
In these assignments of error, defendant alleges that the trial judge erred in refusing to give two requested special charges to the jury.
The first special charge directed the jury that a verdict of second degree murder requires the concurrence of all twelve members of the jury; The requested special charge was incorrect. The crime of second degree murder with which defendant was charged is punishable by life imprisonment at hard labor. La.R.S. 14:30.1. Only cases in which the punishment may be capital require the unanimous verdict of all twelve jurors. La.Code Crim.P. art. 782. The trial judge therefore properly refused to give this special charge. La.Code Crim.P. art. 807 (1966).
The second special charge would have instructed the jury as follows:
Defendant’s defense is that the deceased met her death accidentally, and that the defendant did not intend injury or death to her. This defense necessarily denies that the killing was intentional. But this defense does not shift to a defendant the burden of proving that the homicide was caused by an accident. On the contrary, where the defense of accidental killing is set up, according to the general rule, the burden rests upon the State to show that the killing was wilful and intentional.[2]
The trial judge also did not err in refusing to give this requested special charge. The general charge contained an extensive instruction to the jury concerning the state’s burden of proving every element of the crime of second degree murder beyond a reasonable doubt. The trial judge further instructed the jury that the specific intent to kill or inflict great bodily harm is an essential element of the crime of second degree murder, and that the state had the burden of proving that the accused had such specific intent beyond a reasonable doubt. In our view, the jury was well apprised of the fact that despite the defense of accidental killing the burden of proving that the homicide was intentional remained with the state. The special charge was therefore included within the general charge, and need not have been given. La.Code Crim.P. art. 807 (1966); State v. Blanton, 325 So.2d 586 (La.1976). These assignments of error are without merit.
ASSIGNMENTS OF ERROR NOS. 10 AND 11
Defendant alleges that the trial judge erred in overruling his motion to quash the indictment on the ground that La.R.S. 14:30.1, the statute defining the crime of second degree murder, is invalid. He also alleges error in the trial judge’s denial of his motion in arrest of judgment based on the same ground.
Relying on Sullins v. City of Shreveport, 252 La. 423, 211 So.2d 314 (1968), defendant contends that the enactment of Act III (codified as La.R.S. 14:30.1) of the 1973 regular session contravenes article 3, section 8 of the Louisiana Constitution of 1921, in effect at the time the act was passed. In Sullins, it was stated that article 3, section 8 requires the legislature to enact non-fiscal bills introduced at a fiscal session by a three-fourths vote of each house. Since the 1973 regular session was a fiscal session and Act III was passed by a vote of less than three-fourths of the House of Representatives, defendant contends that Act III was not properly enacted into law.
*243 Defendant’s reliance upon Sullins is misplaced. In State v. Reado, 295 So.2d 440 (La.1974), we held that La.R.S. 14:30.1 was properly enacted into law in accordance with article 3, sections 8 and 24 of the 1921 Constitution. We stated in Reado that the 1921 Constitution, while it required a three-fourths vote of each house to extend a fiscal session to the consideration of non-fiscal matters, required only a majority vote for final passage of legislation. The 1973 legislative session extended the fiscal session to the consideration of non-fiscal matters by a three-fourths vote, and Act III received a majority vote in both houses. We therefore held in Reado that La.R.S. 14:30.1 was free of any constitutional infirmity. We also specifically overruled Sullins insofar as it was in conflict with our decision. These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 12
Defendant complains of the trial judge’s denial of his motion for a new trial. The motion for a new trial alleged merely that the verdict was contrary to the law and evidence and that the bills of exceptions reserved at trial show prejudicial error.
We have uniformly held that error assigned to the refusal of the trial judge to grant a motion for a new trial grounded on the allegation that the verdict is contrary to the law and evidence (article 851(1) of the Code of Criminal Procedure) presents nothing for our review. State v. Gilbert, 286 So.2d 345 (La.1973). Further, none of the assignments of error perfected in the trial court and briefed on appeal present reversible error. This assignment of error is without merit.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.

. Defendant perfected five other assignments of error (Nos. 1, 2, 4, 5 and 6) in the trial court. However, they were neither briefed nor argued on appeal and are therefore considered abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).

. The special charge is an almost verbatim excerpt from State v. Graffam, 202 La. 869, 13 So.2d 249 (1943).