LOTTINGER, Judge.
Joseph James Johnson was charged as a delinquent child by committing the offenses of theft, simple burglary, and criminal trespass. On November 6, 1975, he was tried on the counts of theft and burglary, found guilty and committed to the Louisiana Department of Corrections as a ward of the Juvenile Court for an indefinite period of time. He has appealed.
The defendant sets out three specifications of error of the Trial Court:
“1. In concluding that Joseph Johnson was the person who committed theft of the bicycle when the only witness to the theft, repudiated her identification of the defendant at the trial.
“2. In allowing into evidence the keys taken from the person of the defendant through an unlawful search and seizure, while ruling that the confession was not freely and voluntarily given and thus inadmissible.
“3. In failing to find the search of the defendant’s person to be a violation of his constitutional rights since the juvenile was being detained by the police officer *288 for purposes of interrogation and was not under arrest at the time of the search according to the testimony of the arresting officer.”
The defendant was charged with theft of a bicycle, and he was also charged with theft and simple burglary in connection with his entry into the offices of Day’s Bookkeeping & Tax Service and the adjoining office of Mr. D. R. Williams.
On the evening of October 12, 1975, the defendant was picked up by the Denham Springs police for questioning relative to the theft of a bicycle which occurred earlier that same evening. The defendant was taken to the police station and advised of his legal and constitutional rights. The defendant consented to questioning by the police. During the course of being questioned by the police the defendant’s person was searched, which search yielded two sets of keys which were later introduced into evidence by the state as having been taken from the two aforementioned offices. Upon finding the keys, the police placed defendant under arrest. Thereafter defendant signed a confession to certain charges. We find that the Trial Court did not rule that the confession was not freely and voluntarily given. The Court merely said, “For the record the Court will now [not] have the introduction of the confession as evidence.” The Court gave no reason for its decision in this regard.
Counsel for defendant argues that the Trial Court was in error in concluding that defendant committed theft of the bicycle when, in his words, “the only witness to the theft, repudiated her identification of the defendant at the trial.” In oral reasons for judgment, the Trial Judge said:
“Miss Fredricks, who knows the defendant, saw someone drive away on her bicycle that appeared to be the size, shape and form of the defendant. And, knowing the defendant and knowing that he had worked around her home and for her boyfriend, believed it to be the defendant, Joseph James Johnson.”
Considering the above summary of testimony with the fact that the bicycle was found near a bank bag stolen from offices burglarized the night the bicycle was taken, the keys to which were found on the person of defendant, we find there was sufficient evidence before the Trial Judge on which he could reach the conclusion that the defendant did in fact steal the bicycle.
Defendant argues that the keys were taken from his person as the result of an unlawful search and seizure and thus were inadmissible as evidence.
The first set of keys were introduced by the State without objection from the defendant.
“MR. FAYARD: Your Honor, I would like to also introduce the following evidence as Exhibit #2, this set of keys.
COURT: Any obj ections ?
MR. HARTENSTINE: No objections.”
The second set of keys were also introduced into evidence by the State without an objection by the defendant that they had been seized as the result of an unlawful search and seizure.
It was not until long after the State’s introduction of the keys into evidence that defendant raised an objection to their admissibility.
We find it unnecessary to consider the arrest or legality of the search and seizure. LSA-C.Cr.P. art. 703[1] provides as a remedy for the defendant aggrieved by an *289 unconstitutional search or seizure the motion to suppress evidence so seized. The defendant, in order to exercise this remedy, must file a written motion to suppress within a specified time period unless “opportunity therefor did hot exist or the defendant was not aware of the grounds for the motion.”
In the case at hand, opportunity for the filing of such a motion did exist in that the Court and counsel for both parties were available for the hearing of such a motion prior to trial. The defendant was of course, aware that the evidence had been seized since it had been taken from his person on the night of his arrest and any grounds for such a motion were as apparent to the defendant then as they were on the day of the trial.
LSA-C.Cr.P. art. 703 further provides that the motion to suppress may, within the discretion of the Court, be filed at any time before or during the trial. However, the defendant did not file such a motion nor did he object until after the keys had been admitted into evidence by the Court subject to no objections.
The Louisiana Supreme Court in the case of State v. Womack, 283 So.2d 708 (La.1973), held that when a tangible object is sought to be excluded from evidence because of an unconstitutional search and seizure, the defendant must timely file a motion to suppress the evidence. The Court held that otherwise defendant is deemed to have waived objection to admissibility based on an infirmity of the search or seizure.
The Supreme Court has more recently considered this issue in State v. Anderson, 315 So.2d 266 (La.1975), where it held that since the defendant failed to file a motion to suppress evidence found as the result of an alleged illegal search and failed to ob *290 ject to the introduction of the items at the trial, the defendant could not complain on appeal that the objects were seized during an unconstitutional search.
 In light of the above, we find that the Trial Court was proper in considering the two sets of keys found on the person of the defendant, the keys being identified as having been taken in a burglary of the offices in question. In light of this evidence and the other evidence of the trial of this matter, we find no error in the finding of the Trial Court that the defendant committed' theft and simple burglary.
For the reasons assigned, we affirm the Trial Court.
AFFIRMED.

. LSA-C.Cr.P. art. 703 provides:
“A. A defendant aggrieved by an unconstitutional search or seizure may move to suppress, for use as evidence at the trial on the merits, any tangible objects or other property, or documents, books, papers or other writings, on the ground that they were so obtained. A motion filed under the provisions of this Paragraph must be filed no later than three judicial days before *289 trial on the merits begins, except where the defendant receives notice of trial thirty days before trial on the merits, then such motion must be filed no later than fourteen calendar days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial.
“B. A defendant may move to suppress for use as evidence at the trial on the merits a written confession or written inculpatory statement, on any ground that would make it inadmissible as evidence. Such a motion to suppress must be filed no later than three judicial days before trial on the merits begins, except where the defendant receives notice of trial thirty days before trial on the merits then such motion must be filed no later than fourteen calendar days before the trial on the merits begins, and shall be heard and decided by the court prior to trial.
“A ruling prior to trial on the merits, upon a motion to suppress a written confession or written inculpatory statement, is binding at the trial on the merits. However, a failure to file prior to the trial on the merits a motion to suppress a written confession or written inculpatory statement does not prevent the defendant from objecting to the admissibility thereof at the trial on the merits, and a ruling made adversely to the defendant prior to the trial on the merits upon a motion to suppress a written confession or written inculpatory statement does not prevent the defendant from introducing evidence during the trial concerning the circumstances surrounding the making of a written confession or written inculpa-tory statement for the purpose of enabling the jury to determine the weight to be given to it.
“When a ruling on a motion to suppress is adverse to the defendant, the state shall be required prior to presenting the written confession or written inculpatory statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the written confession or written inculpatory statement for the purpose of enabling the jury to determine the weight to be given to it.
“C. On the trial of a motion to suppress filed under the provisions of this article the burden of proof is on the defendant to prove the grounds of his motion, except that the state shall have the burden of proving that a purported written confession or written inculpatory statement was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”