340 So.2d 251 (1976)
STATE of Louisiana
v.
Sonny DAVENPORT and Glenn Edward Richardson.
No. 57963.
Supreme Court of Louisiana.
October 14, 1976.
Rehearing Denied November 18, 1976.
*253 John F. DeRosier, Lake Charles, for Glenn Edward Richardson.
Jap C. Lott, Houston, Tex., James B. Collins, Lake Charles, for Sonny Davenport.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Sonny Davenport and Glenn Edward Richardson were indicted for first degree murder committed while engaged in an armed robbery on September 6, 1973. On December 6, 1974 a jury found Richardson guilty as charged, and convicted Davenport of second degree murder. Richardson was sentenced to death; Davenport was sentenced to life imprisonment. In brief Davenport argues only three assignments of error: (1) the State failed to prove a theft from the victim; (2) women were unconstitutionally excluded from the grand jury and the petit jury; (3) a mistrial should have been granted for "misbehavior" of the jury during the time when the jury was being selected.
Richardson raises the same assignments of error, in addition to others. The assignments of error will be considered in the order briefed by Richardson.
Assignment of Error No. 1 argues that there was no evidence of a theft of anything of value from the victim, and consequently no evidence of a robbery, which was the element which raised the homicide to the status of first degree murder.
The evidence showed that on September 6, 1973 two young men and two young women left Houston in an automobile belonging to one of the young men, drove to Beaumont and then into Louisiana on the interstate highway. One of the young men (for a reason not explained) had brought his shotgun. Near the Iowa exit on the interstate near Lake Charles they saw a hitchhiker. Richardson told the driver to stop and pick up the hitchhiker, that they would rob and kill him.
When the hitchhiker entered the car Richardson demanded of him some money to pay for gas. Whether the hitchhiker surrendered any money at that time was the subject of conflicting testimony. A few miles down the road the automobile was stopped so some of the occupants could relieve themselves. One witness testified that while two of the young men were outside of the automobile, the hitchhiker bolted from the car and attempted to run. He was tackled by Davenport. Richardson shot him twice with the shotgun. One witness heard the victim holler that he had no more money and plead for his life. One of the witnesses saw Richardson bending over the victim after the shots.
The argument seems to be that no one saw anyone extract money from the victim, and that the only money any witness saw was $2.00 given by the victim to Richardson after Richardson demanded money to pay for gasoline.
The argument is specious. The evidence is clear that the reason for picking up the hitchhiker was robbery. Richardson was armed with a shotgun. There is evidence that something of value was taken from the victim, and the argument that the $2.00 was given willingly is insubstantial.
There is no merit to this assignment.
In Assignment of Error No. 2 defendants argue that their motion to quash, based on a contention that women were excluded from the grand and petit venires, was wrongfully denied. Defendants argue that such exclusion denied defendants their constitutional right to a jury drawn from a fair cross section of the community.
The instant case was tried in December, 1974. In Taylor v. Louisiana, 419 U.S. 522, *254 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the court held Louisiana's exemption for women unconstitutional. However, the Supreme Court determined in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), that Taylor would not be retroactively applied, as a matter of federal law, to convictions obtained by juries empanelled prior to the date of the Taylor decision. This court has accordingly held that Taylor would not be applied retroactively. E. g. State v. Lockett, 319 So.2d 420 (La.1975); State v. Nicholas, 312 So.2d 856 (La.1975).
There is no merit to this assignment.
Assignments of Error Nos. 3 and 4 concern the validity of the death penalty imposed upon appellant Richardson. In Assignment of Error No. 3 appellant Richardson argues that the death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution. In Assignment of Error No. 4 appellant argues that the death penalty is unconstitutional because the Louisiana system allows the jury to return responsive verdicts and that the first degree murder statute itself is unconstitutional because it was passed in a session of the legislature reserved for fiscal matters.
Insofar as appellant argues that R.S. 14:30 is unconstitutional because it was passed in a session of the legislature reserved for budgetary and fiscal matters, State v. McDaniel, 308 So.2d 262 (La.1975), held to the contrary. In McDaniel this court was presented with the same issue and held that Art. 3, § 8, Louisiana Constitution of 1921, is not violated as long as "there was a three fourths vote to extend the session and a majority vote for final passage of the statute." 308 So.2d at 263. This contention is therefore, without merit.
In Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), the United States Supreme Court held:
"Accordingly, we find that the death sentence imposed upon the petitioner under Louisiana's mandatory death sentence statute violates the Eighth and Fourteenth Amendments and must be set aside. The judgment of the Supreme Court of Louisiana is reversed insofar as it upheld the death sentence imposed upon the petitioner and the case is remanded for further proceedings not inconsistent with this opinion." (Emphasis added.) 428 U.S. at 336, 96 S.Ct. at 3008, 49 L.Ed.2d at 983.
Therefore, although Roberts mandates a reversal of the death sentence, since the record reveals no other reversible error, the conviction is affirmed. E. g. State v. Lee, La., 340 So.2d 180 (decided Oct. 14, 1976); State v. Jenkins, La., 340 So.2d 157 (decided Oct. 14, 1976); State v. Thomas, 310 So.2d 517 (La.1975).
In accordance with Lee and Jenkins we must remand the case for the resentencing of Richardson to the most serious penalty for a lesser included offense. In 1973 the legislature enacted the second degree murder statute, R.S. 14:30.1, added by La.Acts 1973, No. III, § 1, which was applicable on the date of this offense. In addition, C.Cr.P. 814 was amended by La.Acts 1973, No. 126, § 1, to make second degree murder a responsive verdict to a charge of first degree murder. Therefore, the case is remanded, insofar as it pertains to Richardson, for resentencing of the defendant to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years (the applicable penalty for a violation of R.S. 14:30.1 at the time of the commission of this offense). State v. Jenkins, supra.
Assignment of Error No. 5 complains of an event which transpired in the hallway of the courthouse after court had adjourned. Seven jurors had been selected. The defendants were handcuffed and taken into the hallway. The defendants contend that some of the jurors in the hallway began laughing and pointed to the handcuffed defendants. The trial judge properly heard testimony because of the contention that there had been jury misconduct which might have reflected on the ability of the jurors to give the defendants a fair trial. *255 The only facts that were developed were that the defendants saw jurors laugh and there was some pointing at handcuffs. The deputies in whose charge the defendants were saw neither laughter nor pointing. The defendants could not say what was causing the laughter, nor who, if anyone, was the object of the laughter. The defendants did not mention the occurrence to the deputies. The defendants were given an opportunity to examine one of the jurors who had been identified as one of those who laughed and pointed. The defense declined to investigate the matter further.
The trial judge found no showing of misconduct on the part of the jury, and no indication that the jurors could not or would not give the defendants a fair trial. His ruling was correct.
There is no merit to this assignment.
In Assignment of Error No. 6 defendant Richardson complains that the trial court erred in refusing to re-examine defendant after arraignment. The record reflects that defendant entered a plea of not guilty and not guilty by reason of insanity. Thereafter the court ordered a sanity commission to examine the defendant as to his present capacity to stand trial and his sanity at the time of the commission of the offense. After a hearing the trial court concluded that defendant was competent to understand the proceedings against him and assist his counsel and that he understood the natural and probable consequences of his act. Defendant argues that before his first counsel was relieved of his duties he requested a re-examination of defendant alleging that a new medical report contained evidence of insanity favorable to the defense.
The appointment of a sanity commission rests in the sound discretion of the trial judge and his ruling thereon will not be disturbed absent a clear showing of abuse. E. g. State v. Link, 301 So.2d 339 (La.1974). Neither defense counsel's motion for a re-examination nor the report he alleged showed defendant's insanity appears in the record. Under these circumstances we hold that the record does not reflect any error in the trial judge's ruling.
This assignment of error lacks merit.
The final assignment of error by defendant Richardson complains that the court allowed appointed counsel to "rest its case" without presenting any evidence of insanity and without withdrawing the plea of not guilty by reason of insanity. The argument is made that the "situation" is contrary to the ruling of this court in State v. Clark, 305 So.2d 457 (La.1975). State v. Clark is wholly inapplicable. There, the defendant had moved to withdraw his plea of "not guilty and not guilty by reason of insanity" and enter a plea of "not guilty" before the start of the trial. Upon a proper showing, it may be error for the trial court to refuse to permit the defendant to withdraw his plea of insanity and enter a simple plea of "not guilty." In the case before us, however, there was no effort whatsoever by the defendant to withdraw the plea of insanity. There is no contention that the failure of his lawyer to either move to withdraw the plea of insanity or present evidence at the trial of the case was in some way prejudicial to the defendant. The argument is simply but erroneously made that the procedure is contrary to State v. Clark, supra.
There is no merit to this assignment.
For these reasons, the conviction and sentence of Sonny Davenport are affirmed. The conviction of Glenn Edward Richardson is affirmed. The sentence of Glenn Edward Richardson is set aside, and, as to him, the case is remanded to the district court for sentencing in accordance with State v. Jenkins, La., 340 So.2d 157 decided Oct. 14, 1976.
SANDERS, C. J., concurs in the affirmance of the conviction but dissents from the sentence and assigns written reasons.
SUMMERS, J., concurs in the convictions but dissents from the holding on penalty for the reasons assigned in the dissent in State v. Lee, La., 340 So.2d 180.
*256 MARCUS, J., concurs. Regarding penalty directed for Richardson, see his concurring opinion in State v. Jenkins, 340 So.2d 157 (La.1976).
SANDERS, Chief Justice (concurring in affirmance of conviction but dissenting from the sentence).
I agree with Mr. Justice Summers (See his dissent in State v. Lee, La., 340 So.2d 180.) that in adjusting to the decision of the United States Supreme Court in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), we need only remand the case for a sentence hearing by a jury to determine whether capital punishment should be imposed. In 1971, I advocated such a procedure following the United States Supreme Court decision in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See my dissent in State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
In my opinion, such a procedure would be more consistent with legislative policy. It also has a sound basis in our procedural code and judicial decisions. See LSA-C.Cr.P. Art. 3; State v. Rasheed, 248 La. 309, 178 So.2d 261, cert. denied 384 U.S. 1012, 86 S.Ct. 1962, 16 L.Ed.2d 1031; State v. Davidson, 248 La. 161, 177 So.2d 273 (1965); State v. Rideau, 246 La. 451, 165 So.2d 282 (1964).
For the reasons assigned, I respectfully concur in the affirmance of conviction but dissent from the sentence.